# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No. 07-CR-88

JOHN C. HANNA,

    Defendant.

## ORDER

On May 22, 2007, a grand jury sitting in Milwaukee returned a two-count indictment charging John C. Hanna with conspiracy to distribute and possess with intent to distribute 50 plus grams of methamphetamine. On August 20, 2007, the day his trial was to commence, Hanna pled guilty to a one-count information charging him with possession with intent to distribute methamphetamine. Sentencing in the matter was set for November 13, 2007.

Prior to sentencing, Hanna filed a motion to withdraw his guilty plea claiming that, at the time he entered the plea, he was under the mistaken impression that he would be able to retain his commercial driver's license ("CDL"), which was essential to his livelihood. Hanna also alleged in his motion that he had inadequate time between the disclosure of evidence after the pre-trial and the plea hearing to make an informed decision. Finally, Hanna claimed that there was no factual basis for the amount of methamphetamine he was alleged to possess during the relevant time.

On November 13, 2007, the court conducted a hearing on Hanna's motion. At the conclusion of the hearing, the court entered oral findings in which it denied the motion. Upon further consideration, however, I have concluded that Hanna's motion should be granted.

Pursuant to Rule 11(d) of the Federal Rules of Criminal Procedure, a defendant may withdraw a plea of guilty or no contest after the court accepts the plea, but before it imposes sentence, if the defendant can show "a fair and just reason for requesting the withdrawal." Fed. R. Crim P. 11(d)(2)(B). As the Seventh Circuit has cautioned, however, "[t]his is no mean feat. Guilty pleas are not to be treated as a strategic maneuver by the parties, and we presume the verity of the defendant's statements made at a Rule 11 colloquy." *United States v. Rinaldi*, 461 F.3d 922, 926-27 (7th Cir. 2006). Being legally innocent of the crime is, of course, a fair and just reason to withdraw a guilty plea. But when a defendant has admitted his guilt in the course of a Rule 11 plea colloquy, a defendant must offer more than unsupported assertions of innocence. *United States v. Groll*, 992 F.2d 755, 758 (7th Cir. 1993).

The reasons set forth in Hanna's original motion do not satisfy this standard. As I stated at the time of his hearing, Hanna is simply not credible in his claim that the government assured him he would be able to retain his CDL after a conviction. The loss of the CDL may be a collateral consequence of his conviction, but no assurances were given Hanna by the court or by the government that he would be successful in doing so. Hanna's claim that the Assistant U.S. Attorney handling the case assured him that he would keep his CDL is simply not credible.

Hanna's claim that he had insufficient time to consider the government's evidence is also not credible. In fact, Hanna was asked during the plea colloquy if he had sufficient time to consider his decision. He stated he did. In addition, his attorney at no time requested an adjournment and indicated that he was prepared to proceed.

Finally, it was also clear that a sufficient factual basis was presented for the plea. Hanna pleaded guilty to an information charging him with possession with intent to distribute an unspecified amount of methamphetamine. The government was not required to prove, nor was the

2

court required to find, any minimal amount of the drug in order to establish Hanna's guilt. The court carefully went over the elements of the offense and Hanna indicated he understood them. The written Plea Agreement set forth a factual basis, and Hanna agreed that the Court could rely upon that basis in accepting his plea. Under these circumstances, I am satisfied that a sufficient factual basis was made.

Despite these findings, however, I am satisfied that Hanna did establish grounds for withdrawing his plea. Although the grounds set forth in the motion do not warrant such relief, I am satisfied that the additional evidence presented at the hearing establishes a fair and just reason for withdrawal of the plea. On the day of the hearing, counsel presented an affidavit signed by Peter Ertel, an individual whose previous statement to DEA Special Agent Steven Curran was the evidence his attorney claimed led him to recommend to his client that he enter a plea. According to Special Agent Curran's report (Ex. 3), Ertel stated he had seen Hanna deliver methamphetamine to other members of the alleged conspiracy on approximately 40 to 60 occasions between 1998 and 2003. In the sworn affidavit submitted at the hearing, however, Ertel stated that Agent Curran had pressured him into making the statement and, in fact, he had never seen Hanna deliver methamphetamine to anyone. (Aff. of Peter Ertel ¶ 2-3.)

The government reasonably questions the credibility of an affidavit obtained the day of the hearing by the defendant. It also asserts that Ertel's testimony was only a small part of its case against Hanna. Regardless of his credibility, however, Ertel's affidavit constitutes new evidence. And while it may be true that the government did not regard his testimony as essential, it appears that most, if not all, of the other witnesses with direct evidence to offer against Hanna are members

of the same conspiracy who have agreed to cooperate in the hope of receiving a more lenient sentence. Under these circumstances, I cannot say that the new evidence is not significant.

Of course, it remains true that Hanna admitted his guilt in open court in the course of a colloquy with the court. However, he testified credibly, in my view, that he did so on the advice of counsel because his attorney told him it was the best he could do. Because of fact that he expected to go to trial and his attorney, at the last minute, recommended he change his plea, Hanna claims he did not fully understand the significance of what he was doing and was not even given an opportunity to read the Plea Agreement before signing it. He also testified that his attorney led him to believe that he would be sentenced to probation and would be able to continue to support his family even after his conviction. When asked by the court for his response, Hanna's attorney admitted he might not have covered everything as he wished. In effect, counsel admitted his assistance to his client may have been ineffective. Hanna's testimony was corroborated by his wife, who also left court thinking her husband would get probation and be able to continue driving truck based on what counsel had told her. Finally, it is also apparent that there was no discussion of the United States Sentencing Guidelines and the likely range within which Hanna's case would fall.

Based on the foregoing, I conclude that a fair and just reason exists to allow Hanna to withdraw his plea. In so ruling, I have also considered the potential prejudice to the government. While it must again expend the resources required to gear up for trial, there is no other evidence of prejudice to its position. The fact that the co-conspirators who agreed to testify have not yet been sentenced means that their incentive to co-operate still exists. Given the vulnerability of Hanna's conviction to later challenge if the motion is not granted, I am satisfied that it is to the government's

4

benefit, as well, that Hanna be given his day in court. For all of these reasons, I conclude that the motion should be granted.

Accordingly, Hanna's motion to withdraw his plea is **GRANTED** and sentencing is **CANCELLED**. Counsel shall appear with Hanna on the date set for sentencing to discuss a rescheduled trial date.

**SO ORDERED** this    14th    November, 2007.

 s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge